McGREGOR W. SCOTT
United States Attorney
CAMIL A. SKIPPER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2709

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. NO. S-03-404 DFL |
|---|---|---|
| Plaintiff, | ) | PRELIMINARY ORDER OF FORFEITURE |
| v. | ) | |
| JOSEPH ALAN MANUEL, | ) | |
| Defendant. | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Joseph Alan Manuel, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 2253, the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a.  generic brand computer including a CD drive, a floppy drive, and a Fujitsu hard drive, model no. MPE3170AT, serial no. 01002551, and assorted floppy diskettes seized by law enforcement officials on or about August 27, 2002.

2. That the above-listed property constitutes or is traceable

1

to gross profits or other proceeds obtained directly or indirectly from a violation of 18 U.S.C. § 2252 or was used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. § 2252.

3. The aforementioned forfeited property shall be seized and held by the United States Secret Service, in its secure custody and control.

4. a. Pursuant to 18 U.S.C. § 2253(m)(1) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Daily Recorder</u> (Sacramento County), newspaper of general circulation located in the county in which the above-described property was seized, notice of this Order, notice of the Attorney General's and/or Secretary of Treasury's intent to dispose of the property in such manner as the Attorney General and/or the Secretary of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

b. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

c. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an

1  interest in the property that is the subject of the Order of
2  forfeiture, as a substitute for published notice as to those persons
3  so notified.
4     5.  If a petition is timely filed, upon adjudication of all
5  third-party interests, if any, this Court will enter a Final Order
6  of Forfeiture pursuant to 18 U.S.C. § 2253 in which all interests
7  will be addressed.
8     SO ORDERED this 13 day of May, 2005.

_____
DAVID F. LEVI
United States District Judge

_____